**E-FILED**
Friday, 12 December, 2014  03:04:41 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| CINCINNATI INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SOCIETY INSURANCE, a mutual ) <br> company, and HABANERO GRILL ) <br> CANTINA, INC. ) <br> ) <br> Defendants. ) | Case No.  14-cv-1319 |

## O R D E R  &  O P I N I O N

This matter is before the Court on Plaintiff's Rule 56(d) Motion to Deny or Stay Defendant Society Insurance's motion for summary judgment. (Doc. 20). Society has filed a memorandum in opposition to Plaintiff's motion, so it is ready for decision. For the following reasons, Plaintiff's motion is denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Cincinnati Insurance Company ("Cincinnati") filed a Complaint against Defendants Society Insurance ("Society") and Habanero Grill Cantina, Inc. ("Habanero") on August 12, 2014. (Doc. 1). The action stems from a fire that allegedly originated from Habanero's building on March 6, 2013. (*Id.* at 3). The Complaint alleges that the fire destroyed a common party wall shared between Habanero and Cincinnati's insured, Total Aquarium Needs Keeping Services ("Tanks"). (*Id.* at 3). Cincinnati allegedly paid to repair or replace the entire common party wall, and is now seeking payment from Society and Habanero for the cost of repairing or replacing Habanero's portion of it. (*Id.* at 3-4).

The Complaint lists four separate counts; two against Society and two against Habanero. (*Id.* at 4-9). In Count I, Cincinnati seeks a declaratory judgment against Society that declares that the damage to the common wall is covered under the policy issued by Society and that Society is required by the terms of the policy to pay one-half of the cost to repair or rebuild the common party wall. (*Id.* at 4-5). Count II is a claim for subrogation, in which Cincinnati alleges that it was secondarily liable for the cost to rebuild or repair Habanero's part of the common party wall and that Society is primarily liable. It alleges that equity requires Society to reimburse it for half of the cost to rebuild or repair the wall. (*Id.* at 5). The two remaining claims are filed against Habanero – one for subrogation (*id.* at 6), and another for private nuisance alleging that Habanero's refusal to repair or rebuild its portion of the wall has substantially interfered with Tanks' ability to use and enjoy its property. (*Id.* at 7).

Society moved for summary judgment on November 3, 2014. (Doc. 19). In its motion, it argues that it is entitled to summary judgment because Tanks has no insurable interest under the Society policy (*id.* at 5), because it and Cincinnati insured separate risks and separate insureds (*id.* at 6), and because Habanero released it from all liability associated with the fire. (*Id.* at 7). In support of its motion, Society submitted four exhibits: (1) a copy of its insurance policy with Habanero; (2) correspondence dated September 25, 2013 from Cincinnati's attorney to Habanero; (3) correspondence dated November 8, 2013 from Society's attorney to Cincinnati's attorney; and (4) the May 14, 2014 Policyholder's Release, signed by

Habanero's representatives. (Doc. 19-1). Currently, neither Defendant has filed an answer, no discovery has been conducted, and no Rule 16 conference has been held.

Before filing a memorandum in opposition to Society's motion for summary judgment, Cincinnati filed this motion, in which it requests that the Court either deny Society's motion for summary judgment or defer its consideration of it until Cincinnati has conducted discovery. (Doc. 20 at 5).

### APPLICABLE LEGAL STANDARDS

Pursuant to Rule 56(b), "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). Although it is rare for a Court to decide a motion for summary judgment before a defendant has answered an operative complaint, the fact that a defendant has not answered "does not preclude the Court from considering the instant summary judgment motion." *Greene v. CCDN, LLC*, 853 F. Supp. 2d 739, 744 (N.D. Ill. 2011).

However, Rule 56 provides a mechanism for relief for a party opposing a motion for summary judgment when it has not had an adequate opportunity to conduct discovery. Pursuant to Rule 56(d), a court may defer considering a motion for summary judgment, deny a motion for summary judgment, or "allow time to obtain affidavits or declarations or to take discovery" if the party seeking relief shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

The party seeking relief under Rule 56(d) must demonstrate that the discovery it requests is necessary to oppose a pending motion for summary judgment. "Where a plaintiff can show that . . . discovery is relevant to the

3

existence of a genuine issue of material fact [,] there is no need to rule on the motion for summary judgment without allowing the plaintiff the opportunity to receive and review . . . discovery." *Laborers' Local #231 v. Rupe Contracting, Inc.*, No. 12-cv-1216, 2014 WL 464205, at *2 (C.D. Ill. Feb. 5, 2014). However, Rule 56(d) "is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 886 (7th Cir. 2005) (internal citations omitted). "[A] party invoking its protections must do so in good faith by affirmatively demonstrating . . . how postponement of a ruling on the motion will enable [it], by discovery or other means, to rebut" the motion." *Cima v. WellPoint Health Networks, Inc.*, 556 F. Supp. 2d 901, 905 (S.D. Ill 2008)(quoting *Korf v. Ball State Univ.*, 726 F.2d 1222, 1230 (7th Cir. 1984)).[1] To justify postponing consideration on a motion for summary judgment, a party must "do more than request a 'fishing expedition' in the hope of finding evidence sufficient to establish the existence of a genuine issue of material fact." *Id.*

### DISCUSSION

In this case, Plaintiff has not met its burden under Rule 56(d), and the Court therefore refuses to stay its consideration of the pending motion for summary judgment.

In its affidavit, Plaintiff requests the following discovery:

---

[1] The *Cima* court analyzed this question under pre-2010 Rule 56(f). The provisions of Rule 56(f) were moved to subsection (d) in 2010 "without any substantial changes." 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2740 (3d ed. 2014).

4

- Discovery regarding the scope of the insurance policy that Society provided to Habanero;

- Discovery regarding the scope of the release between Society and Habanero;

- Discovery regarding the land boundaries of Tanks' property and Habanero's property;

- Discovery regarding any defenses Habanero may assert in its answer "which may have an impact on the issues related to insurance coverage under the insurance policy."

(Doc. 20-1 at 2).

Plaintiff has failed to demonstrate that this discovery could lead to evidence that can be used to oppose Society's motion for summary judgment. *See Cima*, 556 F. Supp. 2d at 905.

### A. Society's Insurance Policy

First, Plaintiff argues that it needs discovery regarding the scope of Society's insurance policy. But Plaintiff has not demonstrated that this evidence is essential to its opposition of Society's motion for summary judgment. Extrinsic evidence regarding an insurance policy's scope is only material if a party can point to an ambiguity in the policy's language. In Illinois, "there are only two sources upon which [a Court] may base its analysis" when interpreting an insurance policy: "the plain language of the policy," and "the plain language of the Illinois Insurance Code . . . as it existed at the time the policy was written." *Huizenga v. Auto-Owners Ins.*, 4 N.E.3d 541, 544-45 (Ill. App. Ct. 2014); *see also Cincinnati Ins. Co. v. Miller*, 546 N.E.2d 700, 703 (Ill App. Ct. 1989). Courts only look to outside material when the policy is ambiguous and subject to multiple reasonable interpretations. *Huizenga*, 4 N.E. 3d at 545.

5

In its Rule 56(d) motion, Plaintiff does not argue that the policy is ambiguous. Rather than identifying pertinent places in the policy that are ambiguous, Plaintiff suggests that it must conduct discovery "on the Society Policy's scope of coverage for damage to common party walls under the property coverage part of the Society Policy." (Doc. 20 at 3). It also argues that it needs discovery on "the Society Policy's scope of liability coverage with respect to property damage." (*Id.*). At that point, if the policy is ambiguous, Plaintiff argues that it will require further discovery, including depositions of Society's underwriters and discovery of Society's underwriting file. *Id.* However, pursuant to Illinois law, the sort of external evidence that Plaintiff wishes to discover only matters in the event that an ambiguity is discernable from the face of the policy. *See Huizenga*, 4 N.E. 3d at 544-45. At this time, Plaintiff has not argued that it is, and has therefore not demonstrated that its proposed discovery is relevant to a genuine issue of material fact. *See Laborers' Local #231*, 2014 WL 464205, at *2. Discovery into the scope of the insurance policy is not a sufficient reason to delay consideration of Society's motion for summary judgment.

**B. Society and Habanero's Release**

Second, Plaintiff argues that it requires discovery into the scope of the release entered into by Habanero and Society. Like the insurance policy, extrinsic evidence may only be used to interpret the release if it is ambiguous on its face. "Where the terms of the release are clear and explicit, the court must enforce them as written, and construction of the instrument is a question of law." *Fuller Family Holdings, LLC v. N. Trust Co.*, 863 N.E.2d 743, 753 (Ill. App. Ct. 2007). "Both the

6

meaning of the instrument, and the intention of the parties must be gathered from the face of the document without the assistance of parol evidence or any other extrinsic aids." *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014)(citing *Rakowski v. Lucente*, 472 N.E.2d 791, 794 (Ill. 1984)). Like insurance policies, releases can only be interpreted with the aid of parol evidence when they contain ambiguous terms. *See Farm Credit Bank of St. Louis v. Whitlock*, 581 N.E.2d 664, 667 (Ill. 1991).

As with the insurance policy, Plaintiff again does not argue that the release is ambiguous on its face. Plaintiff argues that the release "does not address what [the amount of consideration is for] or how it was determined." (Doc. 20 at 4). This argument is dishonest. Although the release might not specify – item-by-item – the damage from which Habanero is releasing Society, the release states that Habanero releases and discharges Society from claims "relating in any way to the policy of insurance . . . and to the Fire loss occurring on or about 03/06/2013 at the premises of 630 South Main St. Princeton, IL." (Def.'s Ex. 4, Doc. 19-5). Plaintiff's argument that it requires discovery into the scope of the release does not address the text of the release itself. Because Plaintiff has not argued that the terms of the release are ambiguous on their face, it has not demonstrated that its proposed discovery is relevant to a genuine issue of material fact. *See Laborers' Local #231*, 2014 WL 464205, at *2. Discovery into the scope of the release is not a sufficient reason to delay consideration of Society's motion for summary judgment.

Plaintiff also suggests that it needs discovery to assess whether the release violates public policy, but this is the sort of fishing expedition that the Seventh

7

Circuit has held can be insufficient to postpone summary judgment. *See Davis*, 396 F3d at 885. Plaintiff does not identify any public policies that the release might violate or cite to any authority for the proposition that the release violates public policy. (Doc. 20 at 4-5). Plaintiff suggests that the question of whether Society knew that "Habanero did not intend to rebuild the common party wall to the detriment of Tanks" could have public policy implications, and requests discovery into that. (Doc. 20 at 5). Opening discovery on this issue alone is not necessary, as the documents that Society attached to its motion for summary judgment provide evidence that Society had that knowledge. Society and Habanero did not enter into the release until May 14, 2014. (Def. Ex. 4, Doc. 19-5). However, Society's attorney wrote to Plaintiff's attorney on November 8, 2013 to reject Plaintiff's request that Society contribute toward the cost of repairing or replacing the wall and inform Plaintiff that "Society's named insured has chosen not to repair or replace the damaged property." (Def. Ex. 3, Doc. 19-4). Therefore, Plaintiff has not demonstrated the necessity of discovery to respond to Society's motion for summary judgment on this point.

Finally, Plaintiff argues that the release "appears to pertain only to claims triggering the property coverage part of the policy," and that it needs discovery to determine "Society's obligation under the liability coverage part of the policy to the extent that the damage to the common party wall was the result of Habanero's negligence or other tort." (Doc. 20 at 4). Society responds by arguing first that Cincinnati does not have standing to litigate Society' liability insurance policy, and second that the Complaint "has not put Society's liability coverage at issue, and

8

Cincinnati has not sought any declarations relating to coverage under Society's liability coverage." (Doc. 25 at 3-4).

The Court puts aside for a later date questions of whether Plaintiff's count for a declaratory judgment implicates liability insurance and whether such a claim is legally viable. At this point in the litigation it is sufficient to say that even if such a claim was viable, Plaintiff has not demonstrated a need to conduct discovery "in order to determine Society's obligation under the liability coverage part of the policy." (Doc. 20 at 4). As with the property insurance coverage, the plain language of the release and the policy control. Because Plaintiff has not suggested that either is ambiguous, it has not demonstrated a need for discovery.

**C. Property Boundaries and Insurable Interests**

Third, Plaintiff argues that it must conduct discovery into the boundaries of the properties at issue in the lawsuit. Plaintiff expands upon this in its motion, and argues that discovery is needed to determine the respective insurable interests held by Habanero and Tanks in each property. It suggests that there is a possibility that Tanks may have an easement in Habanero's part of the joint party wall, and it also argues that Habanero might have an easement in Tanks' portion of the joint party wall. (Doc. 20 at 4). Yet, in its motion, Plaintiff fails to demonstrate how discovery into these interests is material. Any argument that either party has an easement is immaterial to Society's argument regarding coverage, which is that it only insures Habanero's interests in Habanero's building. (Doc. 19 at 6). If Society's argument is correct, then it would not insure Tanks' interests in Habanero's building (such as an easement), and it would not insure Habanero's interests in Tanks' building (such as

9

another easement). This is a legal argument based on the terms of Society's policy with Habanero, and the existence of easements is not a fact that appears to be material at this time. If, in its opposition to Society's motion for summary judgment, Plaintiff is able to articulate a legal basis on which Society might be liable for damage to an easement held by Tanks on the Habanero property or damage to an easement held by Habanero on the Tanks property, it is free to renew this argument.

**D. Habanero's Answer**

Finally, Plaintiff argues that Habanero's answer, and any affirmative defenses that it raises, might tee up issues for discovery relevant to its claims against Society. Habanero has not yet filed an answer. The Court granted Habanero's second motion for extension of time to file an answer on December 2, 2014. Habanero's answer is now due on December 22, 2014. (Doc. at Text Order dated Dec. 2, 2014). Without the benefit of Habanero's answer, the Court cannot assess the merits of this argument. Therefore, as with its other arguments, Plaintiff is free to raise this claim in a response to Society's motion for summary judgment.

CONCLUSION

For the foregoing reasons, Plaintiff's Rule 56(d) Motion to Deny or Stay (Doc. 20) is DENIED. Plaintiff may renew its arguments in its opposition to Defendant Society's Motion for Summary Judgment. IT IS SO ORDERED.

Entered this 11th day of December, 2014.

                                                                                               s/Joe Billy McDade  
                                                                                               JOE BILLY McDADE  
                                                                   United States Senior District Judge